UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| BRUCE GRAYCAR, BRENDA L. CRAWFORD, JERMAINE B. CRAWFORD, and KATRINA BOWENS, Individually and on Behalf of All Others Similarly Situated<br><br>Plaintiffs,<br><br>v.<br><br>CAPITAL HEALTH SYSTEM, INC.,<br><br>Defendant. | Case No. 3:23-CV-23234-MAS-JTQ<br><br>District Judge Michael A. Shipp<br>Magistrate Judge Justin T. Quinn<br><br>ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT |

WHEREAS, this matter having come before the Court by way of Plaintiffs' Bruce Graycar, Brenda L. Crawford, Jermaine B. Crawford, and Katrina Bowens (together "Plaintiffs") Unopposed Motion for Preliminary Approval of Class Action Settlement (as defined below) ("Motion");

WHEREAS, Plaintiffs, individually and on behalf of the putative Settlement Class, and Defendant Capital Health System, Inc. ("Capital Health" or "Defendant") entered into a Settlement Agreement ("Settlement Agreement"), which, if finally approved by the Court, will result in the settlement ("Settlement") of all claims asserted against the Defendant in the above-captioned action ("Action");

WHEREAS, in full and final settlement of the claims asserted against Defendant, Defendant agree to pay and establish a $4,500,000.00 non-reversionary

common fund to resolve all claims arising from the cybersecurity incident announced by Capital Health in November 2023 (the "Data Incident"), which shall be used to pay for any and all Settlement benefits, Settlement and notice administrative expenses, service awards, and attorneys' fees and expenses awarded by the Court;

WHEREAS, Plaintiffs have moved pursuant to Rule 23(e) of the Federal Rules of Civil Procedure for an order preliminarily approving the Settlement Agreement, which sets forth the terms and conditions of the Settlement with Defendant;

WHEREAS, Plaintiffs have further moved for this Court to: (1) preliminarily approve the terms of the Settlement as being within the range of fair, adequate, and reasonable; (2) provisionally certify the Settlement Class for settlement purposes only pursuant to ¶ 82 of the Settlement Agreement; (3) approve the Notice Program set forth herein and approve the form and content of the Notices of the Settlement; (4) approve the Claim Form and Claim Process; (5) approve the procedures for Settlement Class members to opt-out of the Settlement or for Settlement Class Members to object to the Settlement; (6) appoint Plaintiffs who signed this Settlement Agreement as Class Representatives and James E. Cecchi of Carella Byrne Cecchi Brody & Agnello, P.C., Kenneth J. Grunfeld of Kopelowitz Ostrow, P.A., and James P. Pizzirusso of Hausfeld LLP as Class Counsel for settlement

purposes; (7) stay the Action pending Final Approval of the Settlement; and (8) schedule a Final Approval Hearing for a time and date mutually convenient for the Court, the Parties, Class Counsel, and Defendant's counsel that is no earlier than 120 days after entry of the Preliminary Approval Order.

WHEREAS, Plaintiffs and Defendant have agreed to the entry of this Order (the "Order");

WHEREAS, all terms with initial capitalization used in this Order shall have the same meanings as set forth in the Settlement Agreement, unless otherwise defined herein; and

WHEREAS, the Court has considered the Settlement Agreement and the other documents submitted by the Parties in connection with Plaintiffs' Motion, and good cause appearing therefor:

IT IS THIS __ day of ____, 2025 ORDERED as follows:

I. **Preliminary Approval of the Settlement**

1. Upon review of the record, the Court finds that the Settlement Agreement resulted from arm's-length negotiations between highly experienced counsel and falls within the range of possible approval. Therefore, the Settlement Agreement is hereby preliminarily approved, subject to further consideration thereof at the Final Approval Hearing described below. The Court preliminarily finds that the Settlement set forth in the Settlement Agreement raises no obvious reasons to

doubt its fairness and raises a reasonable basis for presuming that it satisfies the requirements under Rule 23 of the Federal Rules of Civil Procedure and due process so that notice of the Settlement should be given as provided in this Order.

2. At or after the Final Approval Hearing, the Court shall determine, among other matters, whether the Settlement warrants final approval.

## II. Provisional Certification of the Settlement Class

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and solely for the purpose of effectuating the Settlement, this Court provisionally certifies a settlement class defined as "all persons whose Private Information was potentially compromised because of the Data Incident." The following entities and individuals are excluded from the definitions of "Settlement Class Members" or "Class Members":

  a. the judge(s) to whom the Action is assigned and any member of those judge's staffs or immediate family members;

  b. counsel for the Parties, any member of their respective staffs who worked directly on the Action, and any member of their immediate families;

  c. any governmental entity;

  d. any entity in which any of the Defendants have a controlling interest;

  e.  any of Defendants' subsidiaries, parents, affiliates, and officers, directors, legal representatives, heirs, successors, or assigns; and

  f.  Settlement Class Members who submit a valid Request for Exclusion prior to the Opt-Out Deadline.

The provisional certification of the Settlement Class shall be vacated if the Settlement is terminated or not approved by the Court.

  4. Solely for purposes of effectuating the proposed Settlement, the Court preliminarily finds that the prerequisites for class action certification under Rule 23 of the Federal Rules of Civil Procedure are satisfied as: (a) the members of the Settlement Class are so numerous that joinder of all Settlement Class Members in the Action is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of Class Plaintiffs are typical of the claims of the Settlement Class; (d) the interests of all Settlement Class Members are adequately represented by Plaintiffs and Settlement Class Counsel; (e) the issues common to Settlement Class Members predominate over any individualized issues; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy. These preliminary findings shall be vacated if the Settlement is terminated or not approved by the Court.

5

5. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and solely for the purposes of effectuating the Settlement, Plaintiffs Bruce Graycar, Brenda L. Crawford, Jermaine B. Crawford, and Katrina Bowens are appointed as Class Representatives for the Settlement Class and James E. Cecchi of Carella Byrne Cecchi Brody & Agnello, P.C., Kenneth J. Grunfeld of Kopelowitz Ostrow, P.A., and James P. Pizzirusso of Hausfeld LLP are appointed as class counsel for the Settlement Class. These designations shall be vacated if the Settlement is terminated or not approved by the Court.

### III.  Notice to the Settlement Class

6. The Court approves the appointment of Epiq Class Action & Claims Solutions, Inc. ("Epiq") as Settlement Administrator for the Settlement.

7. The Court finds the proposed form of Notice to Settlement Class Members of the proposed Settlement between Plaintiffs and Defendant ("Notice"), the proposed summary form of notice ("Postcard Notice"), and the proposed methods of dissemination thereof, as set forth herein, satisfy the requirements under Rule 23 of the Federal Rules of Civil Procedure and due process, and therefore are approved.

8. Within ten (10) days after entry of this Order, Defendant will provide to the Settlement Administrator a Class List that includes the Settlement Class Members' full names and known mailing addresses and, to the extent available, email

addresses of Class Members were affected by the Data Incident.

9. The Settlement Administrator shall cause the Postcard Notice, substantially in the form attached to the Settlement Agreement as Exhibit 1, to be disseminated no later than thirty (30) calendar days following the date of the entry of this Order (the "Notice Deadline") via email or first class mail, postage prepaid to each potential Settlement Class Member who is readily and reasonably identified.

10. On or before the Notice Date, the Settlement Administrator shall create a website for the Settlement (the "Settlement Website") and establish a Settlement-specific toll-free telephone number.

11. The Settlement Administrator shall cause the Notice, substantially in the form attached hereto as Exhibits 1 and 2, and the Claim Form, substantially in the form attached as Exhibit 3, to the Settlement Agreement, to be posted on the Settlement Website as soon as practicable after the Notice Date.

12. On or before the Notice Date, the Settlement Administrator shall establish a post office box where Settlement Class Members can send completed Claim Forms, requests for exclusion, and other correspondence relating to the Settlement.

**IV.    Schedule and Procedure for Requesting Exclusion and Submitting Objections**

13. The deadline for Settlement Class Members to request exclusion from the Settlement Class shall be 60 days following the commencement of Notice.

14. As set forth in the Notice, in order to request exclusion, a Settlement Class Member must email or mail a written request to the following address:

| Court | Plaintiffs' Counsel | Defendant's Counsel | Settlement Administrator |
|---|---|---|---|
| District Judge Michael A. Shipp Magistrate Judge Justin T. Quinn Re: *Graycar, et al. v. Capital Health Systems, Inc.*, Case No. 3:23-CV-23234-MAS-JTQ 402 E State Street Trenton, NJ 08608-1500 | James E. Cecchi CARELLA, BYRNE, CECCHI, OLSTEIN, BRODY & AGNELLO, P.C. 5 Becker Farm Road Roseland, NJ 07068 | Jon Kardassakis Lewis Brisbois Bisgaard & Smith LLP 633 West 5th Street, Suite 4000 Los Angeles, CA 90071 | Capital Health Data Breach Litigation Settlement Administrator PO Box XXXX Portland, OR 97XXX |

15. The written request for exclusion must include the following information: (i) a statement indicating the Settlement Class Member's desire to be excluded from the Settlement Class in *Graycar, et al. v. Capital Health Systems, Inc.*, Case No. 3:23-CV-23234-MAS-JTQ; and (ii) the Settlement Class Member's full name, address, telephone number, and personal signature,

16. The request for exclusion shall not be effective unless it provides the required information and is made within the time stated above or the request for exclusion is otherwise accepted by the Court. Persons or entities that validly and

timely request exclusion from the Settlement Class shall not be entitled to share in the benefits of the Settlement, nor be bound by any judgment whether favorable or adverse.

17. The Settlement Administrator shall keep track of any and all requests for exclusion.

18. On or before seven (7) days after the Opt-Out Deadline, the Claims Administrator shall provide to Settlement Class Counsel and Defendant's Counsel a report that summarizes the number of written notifications of exclusion received that week, the total number of written notifications of exclusion received to date, and other pertinent information as requested by Counsel.

19. Prior to the Final Approval Hearing, the Claims Administrator shall provide a sworn declaration that: (i) attests to implementation of the Notice Program in accordance with the Preliminary Approval Order; and (ii) identifies each Settlement Class Member who timely and properly provided written notification of exclusion from the Settlement Class;

20. Settlement Class Members who wish to object or otherwise be heard with respect to the Settlement, and to appear in person at the Final Approval Hearing, must first file a written objection with the Court sixty (60) days after commencement of Notice. The objection must include: (i) the case caption, *Graycar, et al. v. Capital Health Systems, Inc.*, Case No. 3:23-CV-23234-MAS-JTQ (ii) the

objector's full name, current address, telephone number, and email address; (iii) a statement of the grounds for the objection; (iv) the identity of all counsel who represents the objector; (v) if the objector or his or her attorney will appear at the Final Approval Hearing; (vi) if the objector intends to testify at the Final Approval Hearing, and a list of all other persons who will be called to testify in support of the objection (if any); (vii) the identity of all class actions in which the objector or his or her counsel has objected within the last 5 (five) years, and copies of any orders related to rulings made on the prior objections; and (vii) the objector's signature.

21. Any objections to the Settlement must also be sent to:

James E. Cecchi
Carella Byrne Cecchi Brody & Agnello, P.C.
5 Becker Farm Road
Roseland, New Jersey 07068
jcecchi@carellabyrne.com

*Class Counsel*

Jon Kardassakis
Lewis Brisbois Bisgaard & Smith LLP
633 West 5th Street, Suite 4000
Los Angeles, CA 90071
Jon.kardassakis@lewisbrisbois.com
and
Andrew F. Albero
Lewis Brisbois Bisgaard & Smith LLP
550 E. Swedesford Road, Suite 270
Wayne, PA 19087
Andrew.Albero@lewisbrisbois.com

*Counsel for Defendant Capital Health*

22. Any Settlement Class Member who does not make their objection in the manner provided above shall be deemed to have waived their right to object to any aspect of the Settlement, the plan of distribution, and Settlement Class Counsel's requests for attorneys' fees, reimbursement of expenses and Service Awards Class Plaintiffs and shall be forever barred and foreclosed from objecting to the fairness, reasonableness or adequacy of the Settlement, the plan of distribution or the requested attorneys' fees and expenses, or from otherwise being heard concerning the Settlement, the plan of distribution or the requested attorneys' fees and expenses in this or any other proceeding.

### V.     Schedule and Manner for Submitting Claim Forms

23. Settlement Class Members who wish to be eligible to receive a payment from the Common Fund must complete and submit a Claim Form in accordance with the instructions contained therein. Unless the Court orders otherwise, all Claim Forms must be postmarked (if mailed) and received (if submitted online) no later than ninety (90) days after the Notice Deadline. By submitting a Claim Form, a person or entity shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her or its claim and the subject matter of the Settlement.

24. Each Claim Form submitted must contain the information set forth in the Claim Form to satisfy the conditions for claiming Documented Losses,

11

Alternative Cash Payment, and whether they wish to enroll in Credit Monitoring. All claim forms: (a) must be properly completed, signed and submitted in a timely manner; and (b) if the person executing the Claim Form is acting in a representative capacity, a certification of his, her or its current authority to act on behalf of the Class Member must be included in the Claim Form to the satisfaction of Settlement Class Counsel or the Settlement Administrator; and (c) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

25. Any eligible Settlement Class Member that does not timely and validly submit a Claim Form or whose claim is not otherwise approved by the Court: (a) shall be deemed to have waived their right to share in the Settlement Fund; (b) shall be forever barred from participating in any distributions therefrom; (c) shall be bound by the provisions of the Settlement Agreement and the Settlement and all proceedings, determinations, orders and judgments in the Action relating thereto, including, without limitation, the judgment and the releases provided for therein, whether favorable or unfavorable to the Settlement Class; and (d) will be barred from commencing, maintaining or prosecuting any of the Released Claims against Defendant, as more fully described in the Settlement Agreement and Notice.

## VI. The Court's Final Approval Schedule and Final Approval Hearing Date

26. All briefs and materials in support of Settlement Class Counsel's fee

and expense application, and any application for Service Awards to Class Plaintiffs, shall be filed with the Court no later than fourteen (14) days before the Objection Deadline. The applications described in this paragraph shall promptly be posted on the Settlement Website, and shall be considered as separate and apart from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement. All briefs and materials in support of final approval of the Settlement also shall be filed with the Court no later than fourteen (14) days before the Objection Deadline.

27. A hearing on final approval of the Settlement ("Fairness Hearing") shall be held before this Court on ___, 2025 at ___ _.m. in the Courtroom before the Honorable Justin T. Quinn, U.S.M.J., at the United States District Court for the District of New Jersey, Clarkson S. Fisher Bldg. & U.S. Courthouse, 402 E. State Street, Trenton, NJ 08608. At the Fairness Hearing, the Court will, among other things, consider:

    a. final certification of the Settlement Class for purposes of effectuating the Settlement with Defendant;

    b. the fairness, reasonableness and adequacy of the Settlement with Defendant and whether the Settlement should be finally approved and consummated according to its terms;

    c. whether the Court should approve the proposed Plan for

13

|     |                                                                                                                                                                                                   |
| --- | --- |
|     | Distribution of the Settlement Fund (*i.e.*, net of the costs of settlement administration and notice and any Court awarded attorneys' fees, expenses and Service Awards) to eligible Settlement Class Members; |
| d.  | whether notice of the Settlement constitutes due, adequate and sufficient notice of the Settlement meeting the requirements of due process and the Federal Rules of Civil Procedure; |
| e.  | whether the Action shall be dismissed with prejudice as to Defendant; |
| f.  | whether the release of any and all Released Claims with respect to Defendant shall be deemed effective as of Final Judgment; |
| g.  | whether the Releasing Parties are permanently enjoined and barred from instituting, commencing, or prosecuting any action or other proceeding asserting any Released Claims against Defendant; |
| h.  | whether the Court retains continuing and exclusive jurisdiction over the Settlement for all purposes, including its administration and execution and disputes that may arise |

concerning Defendant; and

    i.    whether, under Federal Rule 54(b), there is any just reason for delay and whether an order of dismissal as Defendant shall be final and appealable and entered forthwith.

28.    The Final Approval Hearing may be rescheduled or continued; in this event, the Court will furnish all counsel with appropriate notice. Settlement Class Counsel shall be responsible for communicating any such notice promptly to the Settlement Class by posting conspicuous notice on the Settlement Website.

29.    In the event that the Settlement does not become final, then, subject to approval of the Court, litigation of the Action against Defendant will resume in a reasonable manner to be approved by the Court upon joint application by the Parties.

30.    If the Court does not grant final approval of the Settlement or the Settlement is terminated in accordance with the applicable provisions of the Settlement Agreement, the Settlement shall be deemed null and void and shall have no further force and effect, and neither the Settlement nor the negotiations leading to it shall be used or referred to by any person or entity in this or in any other action or proceeding for any purpose.

31.    Neither this Order nor the Settlement Agreement nor any Settlement-related document nor any proceeding undertaken in accordance with the terms set forth in the Settlement Agreement or in any other Settlement-related

documents, shall constitute, be construed as or be deemed to be an admission or evidence of any violation of any statute or law or of any liability or wrongdoing by Defendant, or likewise, constitute, be construed as or be deemed to be an admission or evidence of or presumption against Class Plaintiffs or any other Settlement Class Member that any of their claims are without merit or infirm, that a class should not be certified, or that recoverable damages against the Defendant would not have exceeded the Settlement Funds.

**IT IS SO ORDERED.**

Dated: November 10, 2025

_____
HON. JUSTIN T. QUINN, U.S.M.J.

\*Terminates ECF No. 62