**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| BRUCE GRAYCAR, BRENDA L. CRAWFORD, JERMAINE B. CRAWFORD, and KATRINA BOWENS, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>CAPITAL HEALTH SYSTEMS, INC.,<br><br>Defendant. | Case No. 3:23-CV-23234-MAS-JTQ<br><br>District Judge Michael A. Shipp<br><br>Magistrate Judge Justin T. Quinn |

**FINAL APPROVAL ORDER AND JUDGEMENT**

Before the Court is Plaintiffs' Unopposed Motion for Final Approval of Class Settlement and Application for Attorneys' Fees, Costs, and Service Awards ("Motion") requesting that the Court enter an Order granting final approval of the class action settlement involving Plaintiffs Bruce Graycar, Brenda L. Crawford, Jermaine B Crawford, and Katrina Bowens (together, "Plaintiffs") and Defendant Capital Health Systems, Inc. ("Defendant") as fair, reasonable and adequate.

Having reviewed and considered the Settlement Agreement and Plaintiffs' Motion, and having conducted a Final Approval Hearing, the Court makes the findings and grants the relief set forth below approving the settlement upon the terms and conditions set forth in this Final Approval Order.

**THE COURT,** not being required to conduct a trial on the merits of the case or determine with certainty the factual and legal issues in dispute when determining whether to approve a proposed class action settlement; and

**THE COURT,** being required under Federal Rule of Civil Procedure 23(e) to make the findings and conclusions hereinafter set forth for the limited purpose of determining whether the settlement should be approved as being fair, reasonable, adequate and in the best interests of the Settlement Class Members;

**IT IS ON THIS** 14th **day of** July**, 2026, ORDERED** that:

1. Unless otherwise noted, words spelled in this Final Approval Order with initial capital letters have the same meaning as set forth in the Settlement Agreement.

2. The Court has considered all the documents filed in support of the Settlement, and has fully considered all matters raised, all exhibits and affidavits filed, all evidence received at the Final Approval Hearing, all other papers and documents comprising the record herein, and all oral arguments presented to the Court.

3. On November, 10, 2025, the Court entered a Preliminary Approval Order, which, among other things: (a) approved the Notice to the Settlement Class, including approval of the form and manner of notice set forth in the Settlement Agreement; (b) provisionally certified a class in this matter, including defining the Settlement Class; (c) appointed Plaintiffs as the Class Representatives and Kenneth Grunfeld of Kopelowitz Ostrow P.A., James E. Cecchi of Carella, Byrne, Cecchi, Olstein, Brody & Agnello, P.C., and James J. Pizzirusso of Hausfeld LLP as Class Counsel; (d) preliminarily approved the settlement; (e) set deadlines for opt-outs and objections; (f) approved and appointed the Settlement Administrator; and (g) set the date for the Final Approval Hearing.

4. In the Preliminary Approval Order, pursuant to Federal Rule of Civil Procedure 23(b)(3) and 23(e), the Court defined the Settlement Class for settlement purposes only. The Court defined the Settlement Class as follows:

> All persons whose Private Information was potentially compromised because of the Data Incident.

Excluded from the Settlement Class are (a) judge(s) to whom the Action is assigned and any member of those judge's staffs or immediate family members; (b) counsel for the Parties, any member of their respective staffs who worked directly on the Action, and any member of their immediate families; (c) any governmental entity; (d) any entity in which any of the Defendant has a controlling interest; (e) any of Defendant's subsidiaries, parents, affiliates, and officers, directors, legal representatives, heirs, successors, or assigns; and (f) Settlement Class Members who submit a valid Request for Exclusion prior to the Opt-Out Deadline.

5. The Court, having reviewed the terms of the Settlement Agreement submitted by the Parties, grants final approval of the Settlement Agreement and certifies the Settlement Class as defined herein and in the Preliminary Approval Order, and finds that the settlement is fair, reasonable, and adequate and meets the requirements of Federal Rule of Civil Procedure 23(e).

6. The Settlement Agreement provides, in part, and subject to a more detailed description of the settlement terms in the Settlement Agreement, for:

a. The establishment of a Settlement Fund in the amount of $4,500,000.00.

b. A process by which Settlement Class Members who submit valid and timely Claim Forms for reimbursement of Documented Losses, with supporting documentation, to the Settlement Administrator, are eligible to receive compensation for unreimbursed losses up to a maximum of $5,000.00.

c. A process by which Settlement Class Members who submit valid and timely Claim Forms for an Alternative Cash Payment to the Settlement Administrator are eligible to receive a *pro rata* cash payment in the estimated amount of $100.00.

d. A process by which Settlement Class Members who submit valid and timely Claim Forms to the Settlement Administrator will receive three years of one- bureau Credit Monitoring, free of charge.

e. Defendant shall provide confirmatory discovery including a written declaration regarding the security measures it implemented and will continue to maintain following the Data Incident.

f. All Settlement Administration Costs shall be paid out of the Settlement Fund.

7. Commencing on the Notice Deadline, pursuant to the notice requirements in the Settlement Agreement and the Preliminary Approval Order, the Settlement Administrator provided Notice to Settlement Class Members in compliance with the Settlement Agreement, due process, the Preliminary Approval, and Rule 23 of the Federal Rules of Civil Procedure. The Notice:

a. Fully and accurately informed Settlement Class Members about the Action and the existence and terms of the Settlement Agreement;

b. Advised Settlement Class Members of their right to opt out of the Settlement and provided sufficient information so that Settlement Class Members were able to decide whether to accept the benefits offered, opt out and pursue their own remedies, or object to the proposed Settlement;

c. Provided procedures for Settlement Class Members to file written objections to the proposed Settlement, to appear at the Final Approval Hearing, and to state objections to the proposed settlement; and

d. Provided notice of the Motion and the time, date, and place of the Final Approval Hearing.

8. The terms of the Settlement Agreement are fair, reasonable, and adequate, and are hereby approved, adopted, and incorporated by the Court. The Parties, their respective attorneys, and the Settlement Administrator are hereby directed to consummate the Settlement in accordance with this Final Approval Order and the terms of the Settlement Agreement.

9. The record establishes that the Settlement Administrator served the required notices under the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, with the documentation required by 28 U.S.C. § 1715(b)(1)–(8).

10. The Court finds that such notice as therein ordered constituted the best practicable notice under the circumstances, apprised Settlement Class Members of the pendency of the Action, gave them an opportunity to opt out or object, complied with the requirements of Federal Rule of Civil Procedure 23(c)(2), and satisfied due process under the United States Constitution, and other applicable law.

11. As of the final date for opting out of the Settlement, **four** Settlement Class Members have submitted a valid request to be excluded from the settlement. Those persons are not bound by this Final Approval Order, as set forth in the Settlement Agreement, and a list of those persons is attached hereto.

12. As of the final date for opting out of the Settlement, **zero** Settlement Class Members have submitted a valid objection to the Settlement.

13. The Court awards Class Counsel **$1,500,000.00** in reasonable fees, and **$8,818.56** in reimbursement of costs and expenses. The Court finds this amount to be fair and reasonable. Payment shall be made from the Settlement Fund pursuant to the procedures in the Settlement Agreement.

14. The Court awards a Service Award of **$4,000.00** to each Class Representative. The

Court finds this amount is justified by the Class Representatives' service to the Settlement Class. Payment shall be made from the Settlement Fund as directed by Class Counsel in accordance with the Settlement Agreement.

15. As of the Effective Date, the Class Representatives and every Settlement Class Member have released the Released Claims, which are: any and all actual, potential, filed or unfiled, known or unknown, fixed or contingent, claimed or unclaimed, asserted or unasserted, liquidated or unliquidated, existing or potential, suspected or unsuspected claims, demands, liabilities, rights, suits, causes of action, obligations, damages, punitive, exemplary or multiplied damages, expenses, costs, losses, indemnities, attorneys' fees and/or obligations, and remedies of any kind or description, whether in law or in equity, accrued or unaccrued, direct, individual or representative, of every nature and description whatsoever, based on any federal, state, local, statutory, or common law or any other law, against the Released Parties, or any of them, arising out of or relating to actual or alleged facts, transactions, events, matters, occurrences, acts, disclosures, statements, representations, omissions or failures to act that the Releasing Parties had or have that have been or could have been asserted in the Complaint or that otherwise relate to or arise from the Data Incident, the facts alleged in the Complaint, the alleged access, disclosure and/or the acquisition of Settlement Class Members' Private Information in the Data Incident.

16. The Released Claims are released by the Class Representatives and every Settlement Class Member in favor of the Released Parties, which are: Defendant and each entity which is controlled by, controlling or under common control with Defendant and each and every of its respective past, present, and future direct and indirect heirs, assigns, associates, corporations, investors, owners, parents, subsidiaries, affiliates, divisions, departments, officers, directors, shareholders, members, agents, servants, employees, partners, attorneys, insurers, reinsurers, benefit plans, predecessors, successors, managers, administrators, executors, and trustees.

17. The Class Representatives waive any principles of law similar to and including Section 1542 of the California Civil Code, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

18. The Class Representatives agree that Section 1542 and all similar federal or state laws, rules, or legal principles of any other jurisdiction are knowingly and voluntarily waived in connection with the claims released in the Settlement Agreement and agree that this is an essential term of the Settlement Agreement. The Class Representatives acknowledge that they may later discover claims presently unknown or suspected, or facts in addition to or different from those which they now believe to be true with respect to the matters released in the Settlement Agreement. Nevertheless, the Class Representatives fully, finally, and forever settle and release the Released Claims against the Released Parties.

19. In no event shall the Settlement Agreement, any of its provisions, or any negotiations, statements, or proceedings relating to it be offered or received as evidence in the Action or in any other proceeding, except in a proceeding to enforce the Settlement Agreement (including its Release).

20. The Settlement Agreement and this Final Approval Order, and all documents, supporting materials, representations, statements and proceedings relating to the settlement, are not, and shall not be construed as, used as, or deemed evidence of, any admission by or against Defendant of liability, fault, wrongdoing, or violation of any law, or of the validity or certifiability for litigation purposes of the Settlement Class or any claims that were or could have been asserted in the Action.

21. The Settlement Agreement and this Final Approval Order, and all documents, supporting materials, representations, statements and proceedings relating to the settlement shall not be offered or received into evidence, and are not admissible into evidence, in any action or proceeding, except that the Settlement Agreement and this Final Approval Order may be filed in any action by any of the Defendant

or Settlement Class Members seeking to enforce the Settlement Agreement or the Final Approval Order.

22. In the event this Settlement Agreement is terminated or fails to become effective, then this Settlement Agreement shall be considered null and void; all obligations of Plaintiffs, Class Counsel, Defendant, and Defendant's counsel under the Settlement Agreement shall cease to be of any force and effect; and the Parties shall return to the *status quo ante* in the Action as if the Parties had not entered into this Settlement Agreement. The Parties shall further jointly file a status report in the Court seeking to reopen the Action and all papers filed. No term or draft of the Settlement Agreement, or any part of the Parties' settlement discussions, negotiations, or documentation, will have any effect or be admissible in evidence for any purpose in the Action. In the event this Settlement Agreement is terminated or fails to become effective, all funds in the Settlement Fund shall be promptly returned to Defendant. However, Defendant shall have no right to seek from Plaintiffs, Class Counsel, or the Settlement Administrator, the Settlement Administration Costs paid.

23. The matter is hereby dismissed with prejudice and without costs except that the Court reserves jurisdiction solely over the consummation and enforcement of the settlement.

24. The Court shall retain jurisdiction solely with respect to implementation and enforcement of the terms of this Settlement Agreement, and the Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in the Settlement Agreement.

25. In accordance with Federal Rule of Civil Procedure 23, this Final Approval Order resolves all claims against all Parties in this action and is a final order. There is no just reason to delay entry of final judgment in this matter, and the Clerk is directed to file this Final Approval Order in this matter and mark this case as Administratively Closed.

**IT IS ORDERED:**

Date: July 14, 2026

HONORABLE JUSTIN T. QUINN
UNITED STATES MAGISTRATE JUDGE

# EXCLUSION REPORT

| Number | Tracking Number | First Name | Last Initial |
|---|---|---|---|
| 1 | ***559 | Shannon | L. |
| 2 | ***896 | Elizabeth | H. |
| 3 | ***844 | Selene | L. |
| 4 | ***843 | Benjamin | P. |